1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8    Timothy Stuart Ring,                    )    No.  CV-16-04070-PHX-SPL
9                                            )
                        Petitioner,          )
10                                           )    **ORDER**
     v.                                      )
11                                           )
     Charles L. Ryan, et al.,               )
12                                           )
                        Respondents.         )
13                                           )
                                             )
14   _____   )

15          The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to
16   28 U.S.C. § 2254.  (Doc. 1.)  The Court has also received Respondents' Answer (Doc.
17   13), and Petitioner's Reply. (Doc. 14.)   We also have before us the Report and
18   Recommendation (R&R) of United States Magistrate Judge Michelle H. Burns (Doc. 19),
19   Petitioner's timely Objections (Doc. 20), and Respondents' Response to Petitioner's
20   Objections to the Magistrate Judge's Report and Recommendation. (Doc. 21.)
21          The Petitioner raises seven grounds for relief in his Petition for Writ of Habeas
22   Corpus.  (Doc. 1 at 2-39.) Respondents argue two of Petitioner's claims are procedurally
23   defaulted, three claims fail to state a cognizable claim and that the remaining claims fail
24   on the merits.   (Doc. 13 at 2-34.)   Judge Burns also concluded two grounds were
25   procedurally defaulted, three grounds failed to state a cognizable claim and that the
26   remaining counts failed on the merits. (Doc. 19 at 33.)
27          A district judge "may accept, reject, or modify, in whole or in part, the findings or
28   recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files

a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

Petitioner has presented the same arguments that he initially made in his Petition for Writ of Habeas Corpus. (Doc. 1.) This Court has, nonetheless, undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Burns. Specifically, the Court finds the Petitioner has procedurally defaulted on Grounds One and Three, that Grounds Two, Four, and Seven fail to state a claim and that Grounds Five and Six fail on the merits. Additionally, Petitioner's new argument that he did not consent to a Magistrate Judge, lacks merit. (Doc. 20 at 4.)

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.      That the Magistrate Judge's Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court;

2.      That the Petitioner's Objections (Doc. 20) are **overruled**;

3.      That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this

2

action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 5th day of March, 2018.

Honorable Steven P. Logan
United States District Judge